Dewey
*v.*
Van Deu
sen.

---

## HENRY ASHLEY, Appellant &c.

Various sums of money charged by a parent against his child in the usual way of keeping accounts, held not to be an advancement.

THIS was an appeal by one of the heirs at law of John Ashley, from a decree of the judge of probate, determining that the sum of 1175 dollars 82 cents was charged to the appellant as an advancement. It was composed of various items charged by the deceased on his book of accounts as follows : —

*Sheffield, May* 1, 1807.

HENRY ASHLEY Dr.

| | |
|---|---|
| To 500 dollars cash - - - - - - | 500 00 |
| To 10 dollars to Parks - - - - - | 10 00 |
| Feb. 1810. To 35 dollars cash, Lee - - - | 35 00 |
| March, 1810. To paid Dauchy $4 - - | 4 00 |
| A bond $20 - - - - | 20 00 |
| Dec. 1812. Paid Dauchy $273 24 - - | 273 24 |
| Nov. 22, 1814. Paying an execution to Ezra Kellogg - - - - - - | 58 55 |
| Apr. 16, 1814. Pay. Dauchy the remainder of note | 27 60 |
| his taxes to Shaw - - | 2 48 |
| May 26, 1825. Lent [or sent] $5 to Poultney | 5 00 |
| June 29. Paying to E. Stevens of N. M. - | 44 61 |
| Aug. 10, 1816. Paid his to J. Canfield - - | 150 34 |
| Apr. 1819. Account against A. P. - - | 45 00 |
| | $ 1175 82 |

[1] See 2 Powell on Mortg. (Rand's ed.) 666 *a*, and note 1. Revised Stat. *c.* 65, § 11

*Barnard*, for the appellant. This case is clearly distin guishable from *Bulkeley* v. *Noble*, 2 Pick. 337. There the administrator produced memorandums in the handwriting of the intestate, showing constructively the intention to make advancements. Here the evidence of intention stands upon naked charges, made in a common book of accounts in the same form in which the intestate made charges against other persons, with "Dr." placed at the head, and with the usual preciseness of dates, and without a single circumstance required by statute to distinguish it as an advancement. If such an account can be considered as an advancement, then in the provision in *St.* 1805, *c.* 90, § 3, that a gift or grant charged by the intestate " as made for such advancement " shall be taken by the child towards his share of the intestate's estate, the words *as made for such advancement* are nugatory. The meaning however of the statute, and of the Court in *Bulkeley* v. *Noble*, before cited, and *Osgood* v. *Breed*, 17 Mass. R. 358, is, that the charge itself shall contain some expression showing positively an intention to make an advancement; which is not the case with any one of the charges in question. Most of them must be considered as a gift, but if they are held to be a debt, the case of *Procter* v. *Newhall*, 17 Mass. R. 93, shows that no deduction can be made from the appellant's share of the estate on account of such debt.

*C. A. Dewey*, for the other heirs of J. Ashley, contended that the *St.* 1783, *c.* 36, § 7, directing, that " where any personal estate delivered to a child shall be charged in writing by the intestate," the same shall be deemed an advancement, is not repealed by *St.* 1805, *c.* 90, § 3, which provides, that a gift or grant " made by the intestate to any child, of any estate, &c., in advancement, &c., and which shall be expressed in such gift or grant, or otherwise charged by the intestate in writing &c. as made for such advancement," shall be taken by such child towards his share of the intestate's estate. See *St.* 1817, *c.* 190, § 45, repealing the statute of 1783, " except so much thereof as relates to advancements." If the statute of 1783, § 7, is still in force, the decree must be affirmed.

These charges are in their nature not a proper subject of common book account ; and though they are made in a book containing accounts with various individuals, they are carried towards the end of the book, beyond the other accounts, as to a suitable place for charging advancements. The next page contains an express charge of an advancement to another child. The case of *Bulkeley* v. *Noble* furnishes a precise precedent for this case

*Barnard*, in reply, said that even if the statute of 1783 were in force, still, according to the practical construction which had been given to it by long continued usage, some particular memorandum evincing an intention in the intestate to make an advancement, was necessary, to bring a case within the statute. 6 Dane's Abr. 601, cites 5 Cranch, 22, as to usage under a statute.

But the statute of 1783 is repugnant to the statute of 1805, and is therefore repealed ; *Pease* v. *Whitney*, 5 Mass. R. 382 ; and it is so considered in the case of *Whitman* v *Hapgood*, 10 Mass. R. 440.

The opinion of the Court was read as drawn up by

PARKER C. J. There would be no doubt but that the 7th section of the statute of 1783 was, by strong implication, repealed by *St.* 1805, *c.* 90, were it not for the provision of *St.* 1817, *c.* 190, § 45 ; for the 3d section of *St.* 1805, *c.* 90, covers entirely the whole object of the legislature, in regard to advancements, in the statute of 1783. Besides which, the 6th section of the statute of 1805 expressly repeals all acts and parts of acts, so far as they come within the purview of this repealing statute ; and most clearly the statute of 1783, *c.* 36, in relation to advancements, is of this description. And indeed, being thus repealed, the apparent saving it from repeal in *St.* 1817, *c.* 190, must be considered as improvident, the legislature having overlooked, probably, the statute of 1805, *c.* 90, so far as it regarded the subject of advancements. We are inclined to think therefore, that the last mentioned provision in *St.* 1817 is a nullity, it having nothing to operate upon when the act was passed, in consequence of a previous repeal of the statute of 1783 by that of 1805.[1]

---

[1] See *Bullard* v. *Bullard*, 5 Pick. 527.

But even if it were not so, there is no repugnancy in the two statutes of 1783 and 1805, for the latter only alters the rule of evidence in the former, or rather adds to and explains it, requiring that a charge against a child should be made as and for an advancement ; which in the opinion of some was required under the former statute. We are satisfied that we are now bound by the statute of 1805, and therefore can consider nothing as an advancement, unless proved in the manner therein prescribed, so far as that statute has made provision on the subject.[1] In the case before us the charge is of no other kind than would appear if it were intended to debit the son with the several items of the account, nor is there any thing to distinguish it from the other book debts of the deceased. It has been very strongly urged upon us, that there is no difference between this case and that of *Bulkeley* v. *Noble ;* but we think the difference very apparent. The form of the book and the form of the charge were wholly dissimilar. In a little memorandum book, in which the intestate had entered other memorandums of articles furnished to other children, most clearly as advancements, was an account of articles delivered to his daughter Nancy Porter, under the head, " articles that I let my daughter Nancy Porter have." The Court thought that this imported neither debt nor gift, and so considered it an advancement.

---

[1] See Revised Stat. c. 61, § 9.